IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:22-CR-288-P |
| JOSE CARLOS RIVAS-CHAIREZ (01) | |

## FACTUAL RÈSUMÈ

I. <u>Plea:</u> The defendant is pleading guilty to

   Count One: False Statements During Purchase of Firearm, in violation of 18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(a)(2), and 18 U.S.C. § 2; and

   Count Two: Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(l) and (b)(l)(B)).

II. <u>Penalties:</u>

   The penalties the Court can impose as to Count One include:
   a.  imprisonment for a period not to exceed ten (10) years;
   b.  a fine not to exceed $250,000;
   c.  a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
   d.  a mandatory special assessment of $100;
   e.  forfeiture of firearms and ammunition; and
   f.  costs of incarceration and supervision.

   The penalties the Court can impose as to Count Two include:
   a.  imprisonment for a period of not less than five (5) years and not more than forty (40) years;
   b.  a fine not to exceed $5,000,000;
   c.  a term of supervised release of not less than four (4) years (if the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement);

d. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;
e. forfeiture of property; and
f. a mandatory special assessment of $100.

III. Elements of the Offenses:

The elements the government must prove beyond a reasonable doubt to establish the offense alleged in Count One are:

| | |
|---|---|
| First: | That the offense of False Statements During Purchase of Firearm, in violation of 18 U.S.C. § 922(a)(6), was committed by some person; |
| Second: | That the defendant associated with the criminal venture; |
| Third: | That the defendant purposefully participated in the criminal venture; and |
| Fourth: | That the defendant sought by action to make that venture successful. |

In addition, the elements of the underlying offense of False Statements During Purchase of Firearm, are:

| | |
|---|---|
| First: | That an individual made a false written statement; |
| Second: | That the individual knew the statement was false; |
| Third: | That the statement was made in connection with the acquisition of a firearm from a licensed firearm dealer; |
| Fourth: | That the statement was intended or was likely to deceive a licensed firearm dealer; and |
| Fifth: | That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm. |

The essential elements the government must prove beyond a reasonable doubt to establish the offense alleged in Count Two are:

| | |
|---|---|
| First: | That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute a controlled substance; |
| Second: | That the defendant knew of the unlawful purpose of the agreement; |
| Third: | That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; |
| Fourth: | That the overall scope of the conspiracy involved at least 5 grams of Methamphetamine, a Schedule II controlled substance; and |

Fifth: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 5 grams of Methamphetamine, a Schedule II controlled substance.

## V. Stipulated Facts:

In and about June 2022, in the Fort Worth Division of the Northern District of Texas, J.F., purchased firearms from Range USA, a federal firearms dealers, for defendant **Jose Carlos Rivas-Chairez** and at the behest of Ana Francisco-Sotelo, and in connection with these purchases, J.F. stated on ATF-4473 forms, that she was the actual transferee/buyer of the firearms, when **Rivas** and Francisco knew that **Rivas** was the actual buyer of the firearms and intended to further transfer them to others. On June 3, 2022, J.F. bought an FN, Model SCAR 17S, 7.62x51 caliber rifle, bearing serial number HOC27133, from Range USA and on June 6, 2022, J.F. bought an FN, Model SCAR 17S, 7.62x51 caliber rifle, bearing serial number H1C12232 from Range USA. On both occasions, Francisco requested that J.F. purchase the firearms for **Rivas** in return for cash compensation. On both occasions, **Rivas** provided J.F. with the cash to make the purchases, and J.F. provided the firearms to **Rivas** after the purchases. **Rivas** compensated J.F. approximately $400 for the first transaction and $500 for the second transaction. On both occasions, J.F. falsely stated on ATF-4473 forms, that she was the actual transferee/buyer of the firearms.

After the transactions, on July 29, 2022, a search was conducted of the shared residence of **Rivas** and Francisco. ATF Special Agents discovered in the residence a white substance that was tested and found to contain approximately 40 grams of Methamphetamine, a Schedule II controlled substance. In this same room was a device to remove a tire from a rim, and a rim attached to a tire. **Rivas** stated the tire once contained methamphetamine, which he purchased from others and sold to others. ATF SAs discovered trash bags stored on the side of the residence where numerous empty bags with a white residue were located. **Rivas** stated these empty bags once contained methamphetamine for distribution and were previously stored in a separate tire. Also during the search, ATF SAs seized numerous firearms and ammunition as listed in the notice of forfeiture in this matter. Rivas admits that these seized firearms and ammunition facilitated the two charged offenses.

AGREED AND STIPULATED on this 27 day of Sept, 2022.

_____
JOSE CARLOS RIVAS-CHAIREZ
Defendant

_____
FRANCISCO HERNANDEZ
Counsel for Defendant